**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

Scott M. Camelin,

            Petitioner,

      v.

Warden, Southeastern
Correctional Institution,

           Respondent.

Case No. 2:21-cv-4070

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Scott M. Camelin ("Petitioner") objects to aspects of the Report and Recommendation ("R&R") issued by the Magistrate Judge in this habeas corpus case.  Obj., ECF No. 19.  For the following reasons, Petitioner's objections are **OVERRULED**.

### I.    PROCEDURAL HISTORY

On May 19, 2017, Petitioner was indicted on ten counts of rape and nine counts of sexual battery—all involving his minor daughter—by a Ross County Grand Jury ("Case 1").  Record, ECF No. 6, PAGEID ## 26–31.  The State later filed a second indictment under a different case number, charging another count of sexual battery ("Case 2").  *Id.*, PAGEID ## 37–38.  The trial court subsequently consolidated the two cases.  *Id.*, PAGEID # 43.

On April 6, 2018, Petitioner moved to dismiss the indictment in Case 1 for speedy trial violations and filed an identical motion to dismiss Case 2 a few days

later. *Id.*, PAGEID ## 44–60. Shortly thereafter, the trial court held a hearing and denied the motions to dismiss. *Id.*, PAGEID ## 73–74. The same day, Petitioner entered a plea of no contest to three counts of Sexual Battery (counts eleven, thirteen, and nineteen), and the trial court sentenced him to an aggregate term of ten years. *Id.*, PAGE ID ## 75–79.

Petitioner appealed to the Fourth District Court of Appeals; his sole contention of error was the trial court's ruling on his speedy trial motion. *Id.*, PAGEID ## 80–106. On March 22, 2019, the Fourth District overruled his contention of error and affirmed the judgment of the trial court. *Id.*, PAGEID ## 133–45. Petitioner timely appealed to the Supreme Court of Ohio, but the Supreme Court of Ohio declined to accept jurisdiction on July 23, 2019. *Id.*, PAGEID ## 146–47, 178. Petitioner did not seek a writ of certiorari before the Supreme Court of the United States.

On August 2, 2021, Petitioner filed a pro se federal habeas petition with one ground of relief, "Due Process, Speedy Trial." Petition, ECF No. 1, PAGEID # 5. Respondent moved to dismiss the petition as untimely, arguing it is barred by the statute of limitations. ECF No. 7. Without receiving leave to amend his petition, Petitioner then filed a traverse in which he purportedly raised two additional grounds for relief, although all three grounds still related to the alleged denial of Petitioner's due process and speedy trial rights. ECF No. 11. Subsequently, and again without receiving leave to do so, Petitioner filed an "amended pro se traverse," in which he raised a fourth ground for relief: actual

innocence. ECF No. 13. Specifically in response to Respondent's arguments about the statute of limitations, Petitioner argues that equitable tolling saves his petition. ECF Nos. 11, 13, & 19.

## II.      REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Jolson issued an R&R on Respondent's motion. R&R, ECF No. 16. The R&R recommends granting the motion and dismissing the petition as untimely. *Id.* It considers Petitioner's arguments about equitable tolling and actual innocence but finds they lack merit. *Id*. Petitioner timely objected to the R&R. Obj., ECF No. 19.

## III.      STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

## IV.      ANALYSIS

As the R&R correctly explained, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for habeas corpus petitions filed under 28 U.S.C. § 2254. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, only § 2244(d)(1)(A) is relevant.  Pursuant to that provision, Petitioner's judgment became final on October 21, 2019, when the time to petition to the Supreme Court of the United States for a writ of certiorari expired. So, his statute of limitations expired on October 21, 2020.  Petitioner did not file his petition until August 2021.  ECF No. 1.  So, it is untimely and, therefore, must be dismissed unless some exception applies.

Petitioner offers two arguments against dismissal.  First, he argues that equitable tolling should apply because he had trouble obtaining his case file from his trial attorney and because the prison restricted access to the law library and other resources during the COVID-19 pandemic.  Obj., ECF No.19.  Next, he argues that the Court should excuse his untimeliness because he is actually innocent.  *Id.*

**A.    Equitable Tolling**

AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645–49 (2010). Such equitable tolling, however, is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). To establish equitable tolling, a petitioner must demonstrate that (1) he has "been pursuing his rights diligently," and (2) some "extraordinary circumstance stood in his way" and prevented him from filing in a timely fashion. *Holland*, 560 U.S. at 649 (internal quotation marks and citations omitted). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

Here, Petitioner offers two factual bases for equitable tolling. First, he asserts that he had difficulty obtaining his case file from his attorney, and, second, he argues that the prison restricted access to the law library and other resources due to the COVID-19 pandemic. Obj., ECF No. 19.

Petitioner does not show "extraordinary circumstances." It "is well-settled in the Sixth Circuit that [a] petitioner's pro se status, lack of legal knowledge, or lack of access to legal materials are not sufficient to warrant equitable tolling." *Klein v. Warden, Ohio State Penitentiary*, No. 1:21-CV-357, 2022 WL 356539, at *8 (S.D. Ohio Feb. 7, 2022) (collecting cases). These are conditions "typical for many prisoners" and "do not rise to the level of exceptional circumstances." *Groomes v. Parker*, No. 3:07-cv-0124, 2008 WL 123935, at *5 (M.D. Tenn. Jan. 9, 2008). The mere inability to obtain transcripts or other relevant court

documents does not constitute an extraordinary circumstance justifying equitable tolling of the statute of limitations. *See Hall*, 662 F.3d at 751 (citations omitted); *see also Chrysler v. Guiney*, 14 F.Supp.3d 418, 444 (S.D.N.Y. 2014) (citations omitted).

Here, the restricted access to the law library and other resources is exactly the type of circumstance that is "typical of many prisoners" and is not an "extraordinary circumstance." *See Groomes*, 2008 WL 123935, at *5.

As to his attorney's alleged delinquency in sending his case file, that argument fails for several reasons. First, as the R&R explained, Petitioner contacted his attorney only twice within the limitations period; all of Petitioner's other communications with his attorney occurred *after* the limitations period expired. R&R, ECF No. 16. More importantly, however, Petitioner does not explain, nor does the Court see, how the case file was necessary for Petitioner to file his habeas petition. That is, at all times since the trial court's hearing on his speedy trial motions and subsequent plea, Petitioner has known about the facts related to the tolling of his speedy trial rights. *Id.* (citing the record). Thus, even without his case file, Petitioner "clearly knew what took place at [the trial court] and what his grounds for relief were." *Hall*, 662 F.3d at 751. So, Petitioner's arguments about his lack of access to legal materials and his case file are without merit.

To the extent that Petitioner argues the COVID-19 pandemic by itself warrants tolling the statute of limitations, that argument is unpersuasive. True, as

the R&R explained, the "COVID-19 pandemic may qualify as an extraordinary circumstance justifying equitable tolling of the statute of limitations." *Hager v. Warden, Ross Corr. Inst.*, No. 2:21-CV-2472, 2021 WL 2291319, at *3 (S.D. Ohio June 4, 2021), *report and recommendation adopted*, No. 2:21-CV-2472, 2021 WL 2670622 (S.D. Ohio June 29, 2021) (citation omitted). However, even assuming that the pandemic was an extraordinary circumstance warranting tolling the statute of limitations as to Petitioner—a somewhat dubious assumption, as explained at length in the R&R—he could not rely on the pandemic to toll the statute of limitations. Petitioner had five months of his limitations period prior to the pandemic that were unaffected by COVID-19, and he has not shown that he diligently pursued his claims during that time. R&R, ECF No. 16. In other words, Petitioner does not demonstrate that he diligently pursued his claims from the time his judgment became final (October 21, 2019) to the start of pandemic-related restrictions in approximately March 2020. As another court of appeals has explained, if a petitioner does not explain his lack of diligence during the months *before* the pandemic-related restrictions went into place, equitable tolling is inappropriate. *See Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) ("[The petitioner] has not explained why he was not diligent for the nine months before COVID restrictions were implemented. Therefore, [he] hasn't made the requisite showing that he is due an exception to the statutory bar."). So, because Petitioner does not demonstrate that he diligently

Case No. 2:21-cv-4070                                                                  Page 7 of 13

pursued his claims before the start of the COVID-19 pandemic restrictions, the pandemic does not excuse his untimeliness.

For these reasons, equitable tolling is not appropriate in this case.

## B.     Actual Innocence

Petitioner also argues that his untimeliness should be excused because he is actually innocent.  The one-year statute of limitations may be subject to equitable tolling upon a reliable "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  A petitioner must overcome a high hurdle to establish his actual innocence; to succeed, he must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (internal quotation marks and citations omitted).  "Thus, the threshold inquiry is whether new facts raise sufficient doubt about the petitioner's guilt to undermine confidence in the result of the trial." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (cleaned up).  Although a petitioner who asserts a claim of actual innocence need not establish diligence, unexplained delay "bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 569 U.S. at 399 (internal quotation marks and citations omitted).

Here, Petitioner has failed to provide credible evidence of actual innocence.  As the Magistrate Judge explained, the only "new evidence" Petitioner submitted was an alibi as to count nineteen only (one of the counts to which he pled guilty).  First, this alibi is hardly "new" as it is provided by his son,

and both Petitioner and his son would have known of their whereabouts at the time Petitioner entered his plea. Even assuming, however, that the Court considered this alibi as sufficient "new evidence" for actual innocence as to count nineteen, Petitioner has submitted no new evidence which casts any doubt on the other two counts to which he pleaded guilty. So, as the R&R aptly held, Petitioner has not demonstrated actual innocence.[1]

Petitioner objects to the R&R's conclusions on actual innocence for several reasons. First, he argues that if he is innocent of count nineteen (because of his "new" alibi), he must be innocent of *all* counts. Petitioner apparently reads the other counts as being dependent on count 19. From a review of the indictments, the Court disagrees—each count reads as a stand-alone offense. Record, ECF No. 6, PAGEID ## 26–37. Neither is there any indication in the plea or judgment entry that Petitioner's convictions on counts eleven and thirteen were dependent on the conviction on count nineteen. *Id.* at PAGEID ## 75–79. Further, to the extent Petitioner argues that the State's case largely hinged on the victim's testimony and, if Petitioner presented his alibi, the

---

[1] In one of his "responses" to the motion to dismiss, Petitioner makes several arguments about his alibis. For example, he asserts that he had alibis for eighteen of the nineteen counts of the original indictment. Response, ECF No. 11-1, PAGEID # 298. To whatever extent these arguments are attempts to demonstrate actual innocence, they are without merit. If for no other reason, Petitioner provides no specifics about what his alibis are (beyond references to "work schedule" or "room numbers") and, therefore, the Court cannot evaluate whether they meet the actual innocence standard. *See, e.g.*, Response, ECF 11, PAGEID ## 274–86. Further, Petitioner does not demonstrate how these alibis are so ironclad that no reasonable jury could convict him of the charged offenses. So, to whatever extent Petitioner is arguing these alibis are a basis for actual innocence, that argument fails.

victim's credibility would be undermined, that argument is far too speculative.

Even assuming all those "ifs" came to pass, a reasonable jury could still choose

to believe the victim over the alibi witness, and could certainly believe the victim

as to the other eighteen counts.  In other words, this argument does not show "it

is more likely than not that no reasonable juror would have convicted him in the

light of the new evidence." *McQuiggin*, 569 U.S. at 399 (internal quotation marks

and citations omitted).  So, the argument is without merit.

Next, Petitioner argues that he could not have committed the acts alleged

in count nine because the victim was at a doctor's appointment at the time of the

charged crimes.  This argument is irrelevant as he did not plead guilty to, and

was not convicted of, count nine.

Finally, Petitioner argues that the allegations against him were false.  In

addition to generally arguing that the indictments were based on false

allegations, Petitioner also argues that the victim was untruthful in her reports

about his crimes (apparently both convicted and alleged).  None of these

arguments are persuasive.  Most of Petitioner's complaints of "false allegations"

and "liars" are so vague and conclusory that the Court cannot evaluate their

merit.  The only "false accusation" complaint for which Petitioner provides

specificity is his argument that the victim gave an inaccurate physical description

of him because she misdescribed a birth mark.  This argument also fails.  First,

Petitioner makes no effort to explain how this allegedly untrue statement was not

known to him at the time of his guilty plea.  In other words, Petitioner does not

explain how this is "new evidence." Second, even if this untrue statement were "new evidence," one incorrect description of a birthmark is not the kind of fatal blow that means "no reasonable jury" would have convicted Petitioner. *See Hayes v. Dir.*, No. 3:16CV144, 2017 WL 474146, at *5 (E.D. Va. Feb. 3, 2017) (rejecting a habeas petitioner's argument that his actual innocence could toll the statute of limitations where the petitioner asserted that a victim misdescribed the color of his jacket). So, this argument is unavailing.

Accordingly, Petitioner has failed to establish that he is entitled to equitable tolling based on actual innocence.

## V.    OTHER MATTERS

Petitioner has two pending motions: a motion for discovery, ECF No. 14, and a motion for an evidentiary hearing, ECF No. 15, both apparently related to the statute of limitations issue. The R&R recommended that both motions be denied because the petition is untimely. R&R, ECF No. 16. Even read liberally, Petitioner offers only general objections to this conclusion. *See, e.g.*, Obj., ECF No. 19, PAGEID # 558 ("I do believe that an evidentiary hearing would prove what I'm claiming can be proven to be true."). Generally, the "failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (citation omitted). Therefore, the Court is not obligated to review those portions of the R&R. Moreover, neither evidentiary hearings nor discovery are a matter of course in habeas proceedings. *See, e.g.*, *DiCenzi v. Rose*, 452 F.3d 465, 472

Case No. 2:21-cv-4070                                                    Page 11 of 13

(6th Cir. 2006) (explaining that a district court should only hold an evidentiary hearing on statute of limitations issues in habeas cases in special circumstances); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Petitioner has not directed the Court's attention to any exception to that general rule here, nor is the Court independently aware of any. So, in agreement with the Magistrate Judge, Petitioner's motions, ECF Nos. 14 and 15, are **DENIED**.

## VI.   CONCLUSION

For these reasons and for the reasons detailed in the R&R, Petitioner's objections, ECF No. 19, are **OVERRULED**. The R&R, ECF No 16 is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## VII.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, the Court must consider whether to issue a Certificate of Appealability. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). The district court makes the first determination as to whether to issue a Certificate of Appealability in appeals of § 2254 or § 2255 petitions. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997).

When a claim has been denied on procedural grounds, a Certificate of Appealability may be issued if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not disagree with the Court's analysis, Petitioner is **DENIED** a Certificate of Appealability.

Moreover, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion and Order would be objectively frivolous and therefore would not be taken in good faith.

The Clerk is **DIRECTED** enter judgment in favor of Respondent and close this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**